STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
Docket No.: PORSC, CV-17-299

PORTLAND MUSEUM OF ART, )
)
Plaintiff, )
)
)
)
v. )
)
ANNEMARIE GERMAIN, )
)
Defendant. )

ORDER ON DEFENDANT'S MOTION TO DISSOLVE

STATE OF MAINE
Cumberland ss Clerk's Office

OCT 11 2018   11:24AM

RECEIVED

The Court considers Defendant's Motion to Dissolve Ex Parte Attachment. Defendant advances two arguments; to wit, that 1) the ex parte order was unlawful insofar as the Rules of Civil Procedure allows only for an ex parte order at the outset of the case when the complaint is filed and not at any time thereafter; and 2) that Plaintiff has not established that it is more likely than not to prevail in the underlying action. Defendant's arguments are equally unpersuasive.

The procedural issue was fastidiously avoided by the Court during oral argument, primarily because it is so easily resolved by reference to the leading treatise on civil remedies and the cases cited therein. *See, e.g., Herrick v. Theberge*, 474 A.2d 870 (1984). The textual analysis would alone lead to the same conclusion without the ineluctable reality by way of *Herrick*, that an ex parte order of attachment may be sought at any time after the filing of the complaint and is not delimited to the outset of the case.

The Court also finds that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above the aggregate of any liability insurance, bond, or other security, and

**Plaintiff–Alfred Frawley, Esq and
Thimi Mina, Esq.
Defendant–Tyler Smith, Esq. and
Keith Richard, Esq.**

any property or credits attached by other writ of attachment or by trustee process shown by the defendant to be available to satisfy the judgment.

To satisfy the reasonable likelihood requirement, plaintiff needs only have had a "mere probability of success or a favorable chance of success." *Northeast Investment Co., Inc. v. Leisure Living Communities, Inc.*, 351 A.2d 845, 851-52 (Me. 1976). The attachment may be approved so long as plaintiffs' claim is not of "such insubstantial character that its invalidity so clearly appears as to foreclose a reasonable possibility of recovery . . . ." *Id.* at 852. "The limited showing required of plaintiff, combined with the 'clear abuse of discretion' standard of review, necessitates reversal of a Superior Court order granting an attachment only in the relatively rare cases where the record before the Superior Court shows the plaintiffs to have had virtually no chance of recovery on their claim."

Defendant's arguments as to this finding are qualitative in nature, the weight of which comes from an invitation for the Court to accept as more reliable statements made primarily from Defendant. Applying the relatively low threshold articulated in the foregoing caselaw examples, this is decidedly not enough for the Court to conclude that there is virtually no chance of Plaintiff recovering on its claim.

Defendant's Motion to Dissolve is therefore, DENIED.

The Clerk is directed to enter this Order on the unified criminal docket by reference pursuant to Maine Rule of Unified Criminal Procedure 53(a).

Date: October 11, 2018

Lance E. Walker
Justice, Superior Court

2